# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NETWORK CONGESTION SOLUTIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES CELLULAR CORPORATION,**<br><br>Defendant. | Case No. 1:14-CV-00903<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Network Congestion Solutions, LLC ("NCS" or "Plaintiff") files this Amended Complaint against United States Cellular Corporation ("US Cellular" or "Defendant") for infringement of U.S. Patent No. 6,826,620 ("the '620 patent").

## THE PARTIES

1. NCS is a Delaware limited liability company with its principal place of business located at 604 East 4th Street, Suite 201, Fort Worth, Texas 76102.

2. US Cellular is a Delaware corporation with its principal place of business at 8410 W. Bryn Mawr, Suite 7000, Chicago, Illinois 60631.

3. Defendant maintains a registered agent for service of process in Delaware at The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4. NCS brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

1

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, and/or has regular and established places of business in this district.

6.     Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial district, including: (A) committing acts of infringement in this judicial district as described herein; (B) having a corporate headquarters in this judicial district; and/or (C) regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to Delaware residents. Further, this Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,826,620)

7.     NCS incorporates paragraph 1 through 6 herein by reference.

8.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

9.     NCS is the owner of the '620 patent, entitled "Network Congestion Control System and Method," with all substantial rights to the '620 patent, including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '620 patent is attached as Exhibit 1.

10. The '620 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. Defendant has, and continues to, directly infringe one or more claims of the '620 patent in this judicial district and elsewhere in the United States.

12. In particular, Defendant has, and continues to, infringe at least claim 1 of the '620 patent by, among other things practicing infringing methods including, but not limited to, Defendant's practices in conjunction with network congestion management.

13. As an example, US Cellular's Data Management FAQs page states:

> **Why does U.S. Cellular reduce speeds of customers who go over their data limit?**
>
> Reducing speeds of customers who go over their data limit allows us to keep our network fast and efficient for everyone. We are implementing Data Management practices to ensure that all of our customers have the positive experience they expect.
>
> **Will I experience a reduction in speed?**
>
> You may experience a reduction in speed if you:
> Exceed data plan limit (this does not include tiered data plans); or
> Use more than 200MB of roaming data; or
> Consume large amounts of data in places and times of network congestion.
>
> **Can my data speed be reduced more than once? Can it be done consecutively?**
>
> Yes, if you consistently exceed your data limit on the Network or while roaming you will continue to experience reduced speeds once you've exceeded your data limit. If you consume large amounts of data in places and times of network congestion you may experience reduced speeds. If you exceed your data limit on a regular basis learn how to manage your data usage or call Customer Service at 1-888-944-9400 to discuss service plans that better meet your needs.

*See* Ex. 2.

14. To the extent not already pleaded herein, other evidence of Defendant's activities is set forth in the Network Congestion Solutions LLC's Answering Brief in Response to Motion

to Dismiss (D.I. 13), attached as Exhibit 3, the entirety of which is incorporated by reference in this First Amended Complaint.

15. NCS has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to NCS in an amount that adequately compensates NCS for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

NCS requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '620 patent have been infringed, either literally and/or under the doctrine of equivalents by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: June 30, 2015                    NETWORK CONGESTION SOLUTIONS, LLC

By:     /s/ *Timothy Devlin*
          Timothy Devlin (# 4241)
          Devlin Law Firm LLC
          1220 N. Market Street, Suite 850
          Wilmington, DE 19801
          302-449-9010
          tdevlin@devlinlawfirm.com

Of counsel:

Timothy E. Grochocinski
Joseph P. Oldaker
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, Illinois 60462
P. 708-675-1975
teg@innovalaw.com
joldaker@innovalaw.com

COUNSEL FOR PLAINTIFF
NETWORK CONGESTION SOLUTIONS, LLC